IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1999 SESSION



**FILED**

**August 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ELBERT TATE, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9810-CR-00304 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable James C. Beasley, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | First degree murder and attempted first |
| | ) | degree murder |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Jeffery S. Glatstein
200 Jefferson Avenue, Suite 1313
Memphis, TN 38103

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
R. Stephen Jobe
Assistant Attorney General of Tennessee
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
        and
Scott Gordon
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Elbert Tate, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief. The petitioner pled guilty to the first degree murder of his wife and the attempted first degree murder of her grandmother. For the first degree murder conviction, he was sentenced to life imprisonment. For the attempt conviction, he was sentenced as a Range I, standard offender to twenty years confinement in the Department of Correction, to be served consecutively to the first degree murder sentence. In his appeal, the petitioner contends that (1) his pleas were not voluntary or knowing, and (2) he received the ineffective assistance of counsel. We affirm the trial court's denial of post-conviction relief.

At the evidentiary hearing, the petitioner testified that he had mental problems but that his trial attorney never requested a mental evaluation. He said that when he was brought to jail, he attempted suicide and was given medication for depression. He said that because of stress and depression, he did not know what he was doing when he entered his guilty plea, and he did not understand the process. He said that he told these things to his attorney but that she told him he was fine.

The petitioner testified that his attorney did not file a motion to suppress a statement he made to the police. He said he was not given <u>Miranda</u> warnings before making the statement. He said he provided his attorney with the names of two people he thought would be helpful at trial, but his attorney did not contact them. He said he told his attorney that a man named Junior would testify that his wife was having an extramarital affair and that a woman named Ms. Kate would testify that he purchased a gun for self-defense, not to kill his wife. He stated that he did not know Junior's address but that he did provide his attorney with the address for Ms. Kate.

2

The petitioner testified that he pled guilty because his attorney told him that he would receive the death penalty if he did not. He said his attorney told him to plead guilty even though he told her that he did not want to plead guilty.

On cross-examination, the petitioner testified that he was under pressure and distress at the guilty plea hearing. He testified that the trial court explained that he could get the death penalty if he went to trial. He admitted that he had never been diagnosed with a mental condition, but he said that he wanted a mental evaluation to determine if he was temporarily insane at the time of the shootings. He testified that he attempted suicide in jail by trying to hang himself and that he was taken to a doctor. He testified that the statement that he wanted suppressed involved him voluntarily going to the police station and telling the officers that he had shot his wife and her grandmother.

A transcript of the guilty plea hearing was admitted into evidence. At the guilty plea hearing, the petitioner testified that he was thirty years old and had graduated from high school. The petitioner testified that he understood that he was waiving his right to a trial and that he was not forced or pressured into pleading guilty. At the hearing, the prosecutor stated that she and the petitioner's attorney had negotiated about the state not seeking the death penalty, but that, in any event, she did not believe she had enough factual support to seek the death penalty.

The petitioner's trial attorney testified that she did not recall the petitioner telling her of a suicide attempt. She said she asked the petitioner if he had any past or present mental problems, and the petitioner said that he did not. She said the petitioner told her that he was not on any medication. She said she filed a motion to suppress the petitioner's statement, but she told the petitioner it probably would not succeed because the petitioner voluntarily made the statement to the police without questioning, and it was not subject to Miranda. She said she located Ms. Kate and

3

asked her about the petitioner having a gun for protection but could not verify the information. She said she could not locate Junior, and the petitioner could provide no other information. She said she also told the petitioner that she did not think that Junior's proposed testimony would help the petitioner because it might tend to support premeditation. The attorney testified that the petitioner wanted to end the case as soon as possible and did not want to go to trial. She stated that the state had offered life without parole but that the petitioner wanted a better offer. She said she did not think the state would offer life with parole but it did, and the petitioner accepted the offer. She testified that she fully explained all of the sentencing possibilities if the case went to trial, including the death penalty and life with or without parole, and the petitioner wanted to accept the plea offer. She said the petitioner was articulate and intelligent, and he knew what was happening.

On cross-examination, the attorney testified that she normally requests a mental evaluation in death penalty cases. She said she did not request one in the petitioner's case because he did not appear to have any mental health problems, and his background did not indicate previous problems. She said she told the petitioner that if the case went to trial, she might request a mental evaluation. She said the petitioner was adamant about wanting to dispose of the case before trial. She said the prosecutor had indicated to her that the state might seek the death penalty if the case went to trial because children were present when the petitioner fired the shots. She said the prosecutor never filed notice of any aggravating factors because the petitioner pled guilty. She said that on the day the petitioner entered his plea, he never indicated that he did not want to plead guilty.

The trial court denied the post-conviction petition. It found that the petitioner's attorney was not ineffective for failing to seek a mental evaluation because no basis for one existed. It further found that no basis existed for filing a motion to

4

suppress the petitioner's statement. The trial court determined that the attorney adequately investigated the case and interviewed the witnesses she was able to find. The trial court also found that the petitioner knowingly and voluntarily entered his guilty pleas.

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id. This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Id.

## I. VOLUNTARY AND KNOWING GUILTY PLEA

First, the petitioner contends that his pleas were not voluntarily and knowingly entered because he suffered from a mental condition at the time of the plea hearing. The only evidence with regard to the petitioner's mental state was his testimony that he was stressed and depressed and had attempted suicide. However, he testified that he had never been diagnosed with a mental condition, and the petitioner's attorney testified that the petitioner told her that he was not on medication. His attorney testified that he was intelligent and articulate and that he knew what was happening at the guilty plea hearing. The petitioner has presented no credible evidence to support his argument, and the record does not preponderate against the trial court's finding that the petitioner's pleas were knowing and voluntary.

5

The same is true with regard to the petitioner's contention that his attorney pressured him into accepting a guilty plea by threatening him with the death penalty. Although the petitioner testified that his attorney told him he would get the death penalty at trial, his attorney testified that she explained the sentencing options to the petitioner but that the petitioner wanted to plead guilty and avoid a trial. This presents a classic credibility issue, and the trial court obviously accredited the testimony of the petitioner's attorney. The petitioner has failed to show that the evidence preponderates against the trial court's findings.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that his attorney was ineffective for failing to investigate his case and for failing to file a motion to suppress his statement. The state contends that the evidence does not preponderate against the trial court's finding of effective assistance. We agree.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

6

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court held that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner contends that his attorney was ineffective for failing to investigate his case. He argues that the attorney did not contact the two potential witnesses he suggested. First, we note that the attorney did contact Ms. Kate, but the attorney was unable to verify the information the petitioner had provided. Furthermore, we do not believe that the attorney was ineffective for failing to locate the other witness because the only information the petitioner could provide was the name Junior. In addition, the petitioner's attorney expressed doubt regarding the benefit of the witness's testimony, and it was her belief that the testimony would support premeditation. The petitioner has not shown that the evidence preponderates against the trial court's finding of effectiveness.

7

The same is true with regard to the petitioner's argument that his attorney was ineffective for failing to file a motion to suppress his statement. Initially, we note that the attorney testified that she did file a motion to suppress the statement, although the motion was not introduced at the evidentiary hearing or made a part of the record on appeal. Regardless, the attorney testified that the motion was baseless because the petitioner voluntarily went to the police station and made the statement without questioning by the police; thus Miranda was not implicated. In its order denying relief, the trial court stated that the motion was baseless. The evidence does not preponderate against the trial court's findings.

Finally, the petitioner contends that his attorney was ineffective for advising him to accept the guilty plea offer. Again, the petitioner and the attorney contradicted each other in their testimony, and the trial court obviously accredited the attorney's testimony that the petitioner wanted to enter a guilty plea and avoid a trial. This issue is without merit.

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of post-conviction relief.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
John Everett Williams, Judge

8